RENDELL, Circuit Judge,
dissenting.
I respectfully dissent, because I cannot agree that dismissal of Szemple’s pro se complaint was proper.
Szemple alleged that the prison doctor retaliated against him, causing him to be placed in solitary confinement, because he had sued the prison medical service. The majority rejects the causal connection asserted at this early stage and impermissibly concludes that a different alleged cause was at work. This is not proper on a motion to dismiss.
Viewing all facts in the light most favorable to Szemple, his action should be permitted to proceed. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) (stating that when reviewing the District Court’s grant of a motion to dismiss, “We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom”) (internal citations omitted).
This is particularly true in light of the liberal standard of review for a pro se complaint. See Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (recognizing that “a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief’) (internal quotations omitted).
For the foregoing reasons, I would vacate the dismissal of the retaliation claim,